UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALAN SAMPSON, ET AL.,<br><br>Plaintiffs,<br><br>v.<br><br>UKIAH VALLEY MEDICAL CENTER, et al.,<br><br>Defendants. | Case No. 15-cv-00160-JST<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO EXCLUDE LATE-DISCLOSED DISCOVERY RESPONSES**<br><br>Re: ECF No. 230 |

Fact discovery in this case closed on January 3, 2017. Defendants now seek an order excluding from trial two categories of information produced by Plaintiffs after that date: Plaintiffs' supplemental interrogatory responses 27 and 28,[1] and approximately 341 pages of documents contained in a document production. Pursuant to court order, ECF No. 228, the parties filed a joint letter brief summarizing their dispute on October 27, 2017, ECF No. 31.

<u>Interrogatory Responses</u>

Defendants seek to exclude Plaintiffs' supplemental responses to interrogatories 27 and 28 because they "include allegations about Dr. Marks' prior MBOC investigation that Judge Orrick ordered were inadmissible" and "buttress[] ostensible agency allegations not previously raised." ECF No. 230 at 4.

The Court need not reach these arguments because no party suggests how these responses might actually be introduced at trial. A party's own interrogatory answers are hearsay when offered for the truth of the matter asserted, and therefore are not admissible unless they fall within a recognized exception to the hearsay rule, or are offered for a non-hearsay purpose. Charles Alan

---

[1] Plaintiffs also supplemented other interrogatory responses besides numbers 27 and 28 (including number 4, 9, 16, 22, 29, and 30), but Defendants do not appear to complain about those.

Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2180 (3d ed.). Defendants acknowledge this rule, ECF No. 230 at 5 ("Plaintiffs' own discovery responses can only be used for purposes of impeachment."), and Plaintiffs concede it, id. at 3 ("Plaintiffs do not intend to introduce their interrogatory responses as affirmative evidence.").

Defendants' motion is therefore denied as moot.

Funeral Book

Plaintiffs' late document production consists of a funeral book, comprising more than 300 pages and including photographs and statements from approximately 90 witnesses attesting to decedent Andrew Sampson's good character. Examples of the statements include:

> Andrew was one of the few people I've known who could make anyone smile no matter how bad of a day they were having. He always included everyone. Everyone liked him and wanted to be around him. (SAMP000223)
>
> It's a tragedy, your life being taken so young, but everyone and anyone that knew you – I speak for all of us when I say we're lucky to have known such a great guy. (SAMP000255)
>
> Andrew was such an extraordinary man. He could light up the entire room. (SAMP000344)
>
> Rest in peace, Andrew. You always brightened the halls of Rio and any classroom you entered. The chapel, church, cafeteria, gym, etc. were filled with so much joy when you were a student here, and I know that the world was a better place because you were in it. Looking forward to the day when there will be no more death, sorrow, or crying. I feel so blessed that our lives here at Rio were graced for a few years with your journey and life. You will forever be remembered. (SAMP000267)

Defendants seek to exclude this document from trial. Under Rule 37 of the Federal Rules of Civil Procedure, exclusion of evidence disclosed after a court-imposed deadline is appropriate unless the failure to disclose was substantially justified or harmless. Hoffman v. Constr. Protective Servs., Inc., 541 F.3d 1175, 1179 (9th Cir. 2008) (citation omitted).

Plaintiffs fail to establish that late production was either justified or harmless. Plaintiffs' only justification for late disclosure is that "the volume had previously been misplaced and was only recently located." ECF No. 230 at 3. Plaintiffs do not identify where the book was found, what efforts were made to find it earlier, and what efforts finally brought it to light. Plaintiffs' explanation is inadequate to explain a delay of eight months between the discovery cut-off and the

book's belated production. The Court finds that Plaintiffs' prior failure to disclose the book was not justified.

Plaintiffs next argue that the funeral book will not prejudice defendants because "[i]t is more in the nature of prop, as indirect evidence of what the loss [of decedent Andrew Sampson] meant to Andrew[']s family." ECF 230 at 3. This argument is not persuasive. For one thing, that the document is "evidence of what [Andrew's] loss meant to his family" does not explain why Defendants should not have an opportunity to respond to the document in advance of trial. Moreover, the funeral book is not a statement of what Andrew's loss meant to his family, but what his loss meant to *other people*. The book attempts to introduce the hearsay statements of third parties regarding *their* affection for the decedent and the emotional effect of his passing *upon them*. It is also an attempt to introduce uncross-examined character evidence.

Plaintiffs also suggest that the book's late production did not prejudice Defendants because the statements in it cannot be cross-examined or rebutted – in other words, Defendants were not deprived of the opportunity to respond, because there was nothing they could have done in response. Id. ("There are no rebuttal letters nor disputes they would realistically use – there is no prejudice."). Defendants suggest in response, however, that they might have taken the depositions of some of the persons whose words appear in the funeral book, if given the opportunity. ECF No. 230 at 5 ("Good cause does not exist to warrant the introduction into evidence of untimely document responses from witnesses previously known to Plaintiffs that can only result in garnering juror sympathy and prejudicing defendants who have not been able to depose them."). Producing the funeral book on the eve of trial foreclosed this opportunity. The Court finds that Plaintiffs' late production of the book was not harmless.

Because the Plaintiffs' late production of the funeral book was neither justified nor harmless, the Court excludes it from trial.

**IT IS SO ORDERED.**

Dated: November 1, 2017

_____
JON S. TIGAR
United States District Judge

3